**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Comdec Incorporated,<br>       Plaintiff | )<br>) MAGISTRATE JUDGE _____<br>)<br>) |
| vs. | )<br>) CIVIL ACTION NO. _____<br>) |
| Benjamin Adner, d/b/a<br>  Inkcups Now,<br>       Defendant | )<br>)<br>) |

RECEIPT #_____ 56545
AMOUNT $_____
SUMMONS ISSUED ____ Yes
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. ____
DATE _____

**COMPLAINT**

Comdec Incorporated (hereinafter "Plaintiff") for its complaint herein against Benjamin Adner, d/b/a Inkcups Now (hereinafter "Defendant") states as follows:

**COUNT I**
(Trademark Infringement under 15 U.S.C. § 1114)

1.    Plaintiff, Comdec Incorporated, is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 25 Hale Street, Newburyport, Massachusetts, 01950.

2.    Defendant, Benjamin Adner, d/b/a Inkcups Now, upon information and belief, is a natural person, with a principal place of business at 20 Locust Street, Suite 104, Danvers, Massachusetts, 01923.

3.    This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended (the Lanham Act, 15 U.S.C. §§ 1051 et seq.), and related causes of action arising from the use by defendant of a

4.    This court has jurisdiction in this trademark infringement action as such action arises under the trademark laws of the United States, namely, Title 15 of the United States Code, and more particularly, 15 U.S.C. § 1114. This court has jurisdiction under the provisions of 15 U.S.C. § 1121. Venue is proper in this District under 28 U.S.C. § 1931(b), 1931(c) and 1931(d).

5.  Plaintiff is engaged in the business of providing screen printing, pad printing, commercial decorating, methods and materials services as well as offset, flexo, ultra-violet curable and conventional printing inks.

6.  Plaintiff is a key strategic partner and the sole and exclusive North American importer for Ruco Printing Inks products, manufactured in Epstein, Germany, and the industry leader in inks for commercial decoration.

7.  Plaintiff has been using the mark, RUCO USA, in connection with pad printing and screen-printing services as well as offset, flexo, ultra-violet curable and conventional printing ink since at least June 2000.

8.  As the exclusive North American distributor for RUCO products, Plaintiff has expended significant resources promoting the RUCO USA mark. As a result of Comdec's promotional efforts, RUCO USA has become a well-known and highly respected name in the pad printing and screen-printing industries in the United States.

9.  Plaintiff obtained U.S. Trademark Registration No. 2,794,814 on December 16, 2003 for the mark, RUCO USA, in connection with pad printing and screen printing services as well as offset, flexo, ultra-violet curable and conventional printing inks. A copy of this registration is attached as Exhibit A.

10.  Upon information and belief, Defendant is a specialty manufacturer and distributor of pad printing accessories, supplies, and equipment.

11.  Defendant advertises the RUCO line on its website, marketing its solvents and thinners as being equivalent and interchangeable with RUCO products. See printout of Inkcups Now Alternative Solvent web page dated June 10, 2004 and attached as Exhibit B.

12.  Defendant's current manner of marketing its solvents and thinners as being interchangeable with RUCO products is likely to cause a great deal of confusion or mistake or deception to consumers.

13.  Consumers are likely to purchase from Defendant solvents and thinners believing they can blend such products with RUCO products, where some of RUCO's ingredients are not actually available in the United States, hence making them impossible to blend and misrepresenting and deceiving consumers as to the compatibility of Defendant's products with RUCO products.

14.  Defendant's method of marketing its thinners and solvents on its website in this manner caused Plaintiff to terminate a prior distribution agreement with Defendant on January 3, 2002. Please see letter from Plaintiff's Vice

2

President notifying Defendant of termination of the distribution agreement, hereto attached as Exhibit C.

15. Since the termination of the distribution agreement, Defendant continues to market RUCO products on its website in this manner.

16. Plaintiff has notified Defendant of its trademark over the RUCO USA mark, and has requested that Defendant cease and desist using the RUCO mark immediately. See Cease and Desist letter dated February 25, 2004 attached as Exhibit D.

17. On or about March 10, 2004, Defendant, through his attorney, agreed to remove the RUCO mark from its website. See letter attached as Exhibit E.

18. Defendant has yet to remove the RUCO mark from its website, continuing to confuse consumers as to the origin and compatibility of RUCO products with its solvents and thinners, thereby misrepresenting the origin and goodwill of the RUCO mark.

19. The good will generated by the RUCO USA trademark is of enormous value to Plaintiff, since Plaintiff is the sole and exclusive North American importer of Ruco Printing Inks products, and Plaintiff has suffered and will continue to suffer irreparable harm should the infringement be allowed to continue to the detriment of Plaintiff's trade reputation and goodwill.

20. The infringement by Defendant will continue unless enjoined by this Court.


## COUNT II
(Unfair Competition under 15 U.S.C. § 1125(a))

21. Plaintiff hereby incorporates by reference paragraphs 1 to 20 herein.

22. This count for unfair competition (false or misleading representation of fact) arises under the trademark laws of the United States, namely Title 15 of the United States Code and more particularly, 15 U.S.C. § 1125(a)(1)(B). This Court has jurisdiction under the provisions of 15 U.S.C. § 1121. Venue is proper in this District under 28 U.S.C. § 1931(b), 1931(c) and 1931(d).

23. The advertising and marketing by Defendant of the RUCO mark constitutes a misrepresentation of the nature, characteristics, qualities, and origin of Plaintiff's trademark on RUCO, which is likely to cause confusion and deception as to the nature and origin of RUCO products.

WHEREFORE, Plaintiff prays:

1.    That Defendant, his employees, and/or everyone in privity with Defendant be enjoined from infringing upon Plaintiff's RUCO USA trademark, its trademark registration, or any mark confusingly similar thereto by marketing, advertising and selling within the United States any advertising, marketing, or sales material, of any kind, which would be confusingly similar thereto bearing the mark.

2.    That Plaintiff be awarded its costs and attorneys' fees.

3.    For any such other relief deemed just and equitable.


                                          Respectfully submitted,
                                          Comdec Incorporated
                                          by its attorney,



Dated: June 10, 2004                      Bethany J. Raffa, Esq.
                                          Law Office of Mark L. Janos
                                          6 Harris Street
                                          Newburyport, MA 01950
                                          (978) 465-2043
                                          BBO #652562

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)_____

   Comdec Incorporated v. Benjamin Adner, d/b/a Inkcups Now

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [X]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   [ ]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   [ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [X]   NO [ ]

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division [X]      Central Division [ ]      Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division [ ]      Central Division [ ]      Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Bethany J. Raffa, Esq.     _Bethany Raffa_

ADDRESS  Law Office of Mark L. Janos, 6 Harris Street, Newburyport, MA  01950

TELEPHONE NO.  (978) 465-2043

(Coversheetlocal.wpd - 10/17/02)

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Comdec Incorporated
25 Hale Street
Newburyport, MA  01950

(b) County of Residence of First Listed Plaintiff  Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

Benjamin Adner, d/b/a Inkcups Now
20 Locust Street, Suite 104
Danvers, MA  01923

County of Residence of First Listed  Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Bethany J. Raffa, Esq.   (978) 465-2043
Law Office of Mark L. Janos
6 Harris Street, Newburyport, MA  01950

Attorneys (If Known)

**II. BASIS OF JURISDICTION**  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 820 Copyrights | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | ☒ 840 Trademark | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN**  (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C.  1114 - Trademark Infringement
15 U.S.C.  1125(a) - Unfair Competition

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):

JUDGE

DOCKET NUMBER

DATE
June  , 2004

SIGNATURE OF ATTORNEY OF RECORD
Bethany Raffa

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____